IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN STEPHEN COLEMAN, #229 809, Plaintiff, | ) ) ) ) |
| v. | ) CIVIL ACTION NO.: 2:13-CV-66-TMH ) [WO] |
| STATE OF ALABAMA, *et al.*, Defendants. | ) ) ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Staton Correctional Facility located in Elmore, Alabama, files this 42 U.S.C. § 1983 complaint alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States were abridged during his criminal court proceedings which took place in May 2001[1] before the Circuit Court for Bullock County, Alabama. Plaintiff brings this complaint against the State of Alabama, Judge L.B. Smithart, Ben Reeves, Esq., and District Attorney Boyd Whigham. He requests that the conviction and sentence on which he is incarcerated be reversed and vacated "or whatever relief this court deems just." (*Doc. No. 1*.)

The court has carefully reviewed the allegations contained in Plaintiff's complaint. From that review, the court concludes that dismissal of the complaint prior to service of

---

[1] The court takes judicial notice of its own records which reflect that Petitioner is serving a twenty year sentence following his conviction on May 23, 2002 for manslaughter entered against him by the Circuit Court for Bullock County, Alabama. *See Coleman v. Mosley, et al.*, Civil Action No. 2:06-CV-669-MEF (M.D. Ala. 2008).

Case 2:13-cv-00066-TMH-TFM   Document 4   Filed 02/07/13   Page 2 of 5

process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[2]

## I. DISCUSSION

Plaintiff files the instant § 1983 complaint challenging matters associated with a 2002 conviction and sentence entered against him by the Circuit Court for Bullock County, Alabama. Specifically, Plaintiff, who is white, complains that the State used its peremptory challenges to exclude white people from his jury panel in violation of his right to equal protection.[3] (*Doc. No. 1 at 2*.)

With regard to Plaintiff's desire to challenge his state court conviction and/or the sentence imposed as a result of that judgment, a civil rights lawsuit under 42 U.S.C. § 1983 is not an appropriate remedy. Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief sought is a determination that he is entitled to immediate release or a speedier release from that imprisonment, the inmate's federal remedy is by way of a writ of habeas corpus. *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction

---

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[3] Interestingly, on appeal from the denial of his Rule 32 petition, A.R.Cr.P., Plaintiff challenged trial counsel's performance on the ground that he failed to object to the State's use of 10 or 12 peremptory challenges to exclude black veniremembers. *See Coleman v. Mosley, et al.*, Civil Action No. 2:06-CV-669-MEF at Doc. No. 7, Exh. A.

2

or confinement). Further, § 1983 action may not be used to challenge the fact of a plaintiff's state court criminal conviction and/or sentence. Rather, the proper vehicle for mounting such a challenge would be the filing of a petition under 28 U.S.C. § 2254.

In filing this action, Plaintiff seeks his release from custody. The core of his claims concern matters related to the validity and the legality of his current confinement. When the effect of granting equitable relief under the civil rights statute would be to substitute a § 1983 action for a federal writ of habeas corpus challenging the basis for ongoing detention or for a petition pursuant to § 2254 to attack a state court conviction, a prisoner fails to state a claim under § 1983. *See Eutzy v. Tesar*, 880 F.2d 1010, 1011 (8th Cir. 1989); *Preiser*, 411 U.S. at 500. A plaintiff, therefore, cannot seek declaratory or injunctive relief relating to his confinement and/or conviction in a § 1983 action.[4]  *See Edwards v. Balisok,* 520 U.S. 641, 648 (1997)*; Heck v. Humphrey,* 512 U.S. 477, 483-89 (1994); *Preiser*, 411 U.S. at 500; *St. Germaine v. Isenhower*, 98 F. Supp.2d 1366, 1373(S.D. Fla. 2000).

In light of the foregoing, the court concludes that Plaintiff's complaint is due to be dismissed without prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).[5]

---

[4] Compensatory and punitive damages are available in a 42 U.S.C. § 1983 action but not by way of a writ of habeas corpus or a § 2254 petition. To recover damages for an allegedly unconstitutional confinement in a civil rights action, a plaintiff must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. 486-87.

[5] Even if Plaintiff's complaint was properly before the court, his claims against the named defendants would be subject to dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and/or (iii). *See  Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward*

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's challenge to the validity of his conviction and/or sentence be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii); and

2. The complaint be DISMISSED prior to service of process.

It is further

ORDERED that on or before **February 21, 2013** Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar Plaintiff from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

---

*County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978) (state judge absolutely immune from civil liability for acts taken pursuant to his judicial authority); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) ("[a] prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government."); *Polk County v. Dodson*, 454 U.S. 312 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983."); *Owens v. Okure*, 488 U.S. 235, 249-250 (1989) (the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992) ( Alabama's general statute of limitations for personal injury actions is two years. *Ala. Code* § 6-2-38(l)); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65 (1989) (the State is entitled to immunity from suit under the Eleventh Amendment).

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 7th day of February 2013.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE